IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TODD WHITE and SUSAN WHITE,

    Plaintiffs,

v.                                    Civil Action No. 5:15CV20
                                              (STAMP)
STEVE SIMPSON & ASSOCIATES, INC.,
a foreign corporation and
DONALD W. HALE, individually
and as an agent of
STEVE SIMPSON & ASSOCIATES, INC.

    Defendants and
    Third-Party Plaintiffs,

v.

THE ESTATE OF MICHAEL B. WHITE,

    Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING AS FRAMED THIRD-PARTY
DEFENDANT'S MOTION TO DISMISS**

I. Background

The plaintiffs, Todd White and Susan White, are son and mother (respectively). Defendant Donald W. Hale ("Hale") is allegedly an agent and employee of defendant Steve Simpson & Associates, Inc. ("Simpson"). The decedent, Michael B. White,[1] operated a vehicle in which the plaintiffs were passengers. In September 2013, defendant Hale's vehicle collided with White's vehicle, and the plaintiffs sustained serious injuries. The plaintiffs allege that

---

[1] It is unclear whether Michael B. White died as a result of the automobile accident.

defendant Hale operated his vehicle while acting in the scope of his employment as an agent for defendant Simpson. In their amended complaint, which was originally filed in state court, the plaintiffs allege four counts against the defendants. Those counts are the following: (1) negligence against defendant Hale; (2) negligence of the defendants collectively; (3) negligence per se of the defendants collectively; and (4) negligence of defendant Simpson by hiring, training, supervising, and entrusting defendant Hale. After the defendants removed this civil action, they each filed a third-party complaint against the Estate of Michael White ("the Estate"). ECF Nos. 6 and 10. In their third-party complaints, the defendants seek contribution and indemnity as to the plaintiffs' claims.

At issue now is the Estate's motion titled "motion to dismiss/motion to strike and/or motion for summary judgment." ECF No. 28. In that motion, the Estate points out that the plaintiffs and the Estate obtained a settlement on May 5, 2015. The Estate provides copies of the two settlement agreements. Although the Estate informed defendants Hale and Simpson of the settlements, the defendants will not dismiss their claims against the Estate. Before agreeing to dismiss the Estate, the defendants seek a stipulation which would impose additional legal requirements upon the Estate as to fault, if any, of the decedent in the accident. The most disputed proposed requirement is that the defendants wish

2

to have the decedent listed on the verdict form. Because of the prior settlement and its terms, the Estate requests that this Court dismiss the third-party complaints.

The defendants, however, argue that their third-party complaints do not seek to apportion fault between them and the decedent. Rather, they allege that the decedent was the sole cause of the accident. Because of that claim, the defendants contend that the decedent must remain on the verdict form so that the jury may assess the comparative fault of all involved persons. In support of their contention, they cite <u>Modular Bldg. Consultants of W. Va., Inc. v. Poerio, Inc.</u>, 774 S.E.2d 555 (W. Va. 2015). The defendants contend that not including the decedent on the verdict form would prevent the defendants from making their strongest defense, which is the decedent's fault in the accident. Therefore, the defendants request that this Court deny the pending motion to dismiss. The defendants also object to the dismissal of the Estate to the extent that the decedent would not appear on the verdict form. Otherwise, if the decedent may remain on the verdict form, then the defendants do not object to dismissing the third-party complaints without prejudice. The Estate did not file a reply, and the plaintiffs did not file a response.

For the reasons set forth below, the Estate's motion to dismiss is GRANTED AS FRAMED.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and

essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

As stated earlier, the Estate ultimately settled with the plaintiffs. The Estate substantiates that fact by providing copies of the settlement agreements. Those settlement agreements explicitly state that the plaintiffs "RELEASED, ACQUIT, and FOREVER DISCHARGE" the Estate from "any and all claims" that may arise from the automobile accident in September 2013. ECF No. 29 Ex. A. With those settlement agreements in mind, the Estate argues that the defendants now seek contribution in their third-party complaints. The Estate points out that the Supreme Court of Appeals of West

Virginia previously held that a "party in a civil action who has made a good faith settlement with the plaintiff prior to a judicial determination of liability is relieved from any liability for contribution." Syl. Pt. 6, Bd. of Edu. of McDowell County v. Zando, Martin & Milstead, Inc., 390 S.E.2d 796 (W. Va. 1990).

Despite the holding from Zando and its settlement with the plaintiffs, the defendants seek a stipulation regarding the potential dismissal of the estate. The Estate takes issue with that proposed stipulation of dismissal by the defendants as to the Estate. The parties' dispute primarily concerns whether the decedent should be placed on the verdict form for purposes of comparative fault analysis. See ECF No. 29 Ex. D. Based on the above-quoted holding of Zando, the Estate asserts that it is entitled to the "legally mandated dismissal of the third-party claim." ECF No. 29.

The defendants, however, direct this Court's attention to Modular Bldg. Consultants of W. Va. v. Poerio, Inc., 774 S.E.2d 555 (W. Va. 2015). In particular, the defendants point out the Supreme Court of Appeals of West Virginia's support of the following: "'[i]n order to obtain a proper assessment of the total amount of the plaintiff's contributory negligence under our comparative negligence rule, it must be ascertained in relation to all of the parties whose negligence contributed to the accident, and not merely those defendants involved in the litigation.'" Modular

Bldg., 774 S.E.2d at 566 (quoting Syl. Pt. 3, Bowman v. Barnes, 282 S.E.2d 613 (W. Va. 1981)). Furthermore, the defendants contend they allege not only a contribution claim, but also that the decedent was the sole cause of the automobile accident. See ECF Nos. 8 and 10. Therefore, the defendants believe that the decedent's liability extends far beyond their claim for contribution. Moreover, the defendants state that they intend to present ample evidence of the decedent's alleged negligence. For those reasons, the defendants believe that the decedent should appear on the verdict form. As mentioned earlier, however, the defendants state that they are willing to "agree to a dismissal without prejudice provided that the [d]ecedent's name stays on the verdict form and provided that nothing later discovered casts doubt on the Estate's claim that its settlement with the Plaintiffs was in good faith." ECF No. 30.

Under West Virginia law, a "party in a civil action who has made a good faith settlement with the plaintiff prior to a judicial determination of liability is relieved from any liability for contribution." Zando, 390 S.E.2d at syl. pt. 6. As a more general principle under West Virginia, "[i]t is improper for counsel to make arguments to the jury regarding a party's omission from a lawsuit or suggesting that the absent party is solely responsible for the plaintiff's injury where the evidence establishing the absent party's liability has not been fully developed." Syl. Pt.

7

2, Doe v. Wal-Mart Stores, Inc., 558 S.E.2d 663 (W. Va. 2001). However, "'[i]n order to obtain a proper assessment of the total amount of the plaintiff's contributory negligence under our comparative negligence rule, **it must be ascertained in relation to all of the parties whose negligence contributed to the accident, and not merely those defendants involved in the litigation**.'" Modular Bldg., 774 S.E.2d at 566 (quoting Bowman, 282 S.E.2d at syl. pt. 3) (emphasis added). Moreover, "Without some proof of negligence by the plaintiff, there is no requirement that the jury be instructed to ascertain or apportion fault between the defendant and a non-party tortfeasor." Rowe v. Sisters of the Pallottine Missionary Soc'y, 560 S.E.2d 491, 499 (W. Va. 2001). The Supreme Court of Appeals of West Virginia has also provided that an immune defendant may be placed on the verdict form as required by "equitable principles of fairness, the concepts underlying the doctrine of comparative negligence, and this Court's ruling in Bowman." Modular Bldg., 774 S.E.2d at 566 (internal citations and quotations omitted). Inclusion of such a defendant also helps to mitigate the risk of prejudice to the remaining parties regarding the determination of comparative fault. Id.

In analyzing the case law discussed above, it is clear that a claim for contribution against the Estate is impermissible under Zando. The Court in Zando made it abundantly clear that a party who makes "a good faith settlement with the plaintiff prior to a

8

judicial determination of liability is relieved from any liability for contribution." 390 S.E.2d at syl. pt. 6. Here, the Estate and the plaintiffs reached a settlement, as provided under the settlement agreements. Therefore, to the extent that the defendants assert a claim for contribution against the Estate, such a claim cannot proceed. Thus, the Estate's motion should be granted as framed to that extent.

However, the defendants are correct in stating that their third-party complaints seek more than contribution. The defendants contend that the decedent was the sole cause of the accident. They request that the decedent be included on the verdict form so that the jury may determine the comparative fault of all persons involved. In support of that request, the defendants also indicate that they have evidence that establishes the decedent's negligence. The defendants point to forthcoming testimony of both their expert witness and defendant Hale, and an affidavit by their expert witness that demonstrates the importance of the decedent's liability in this civil action. Those items demonstrate that the defendants intend to provide proof of the decedent's negligence. "Without some proof of negligence . . . there is no requirement that the jury be instructed to ascertain or apportion fault between the defendant and a non-party tortfeasor." Rowe, 560 S.E.2d at 499. Here, assuming that the defendants ultimately provide the forthcoming testimony, then the defendants may satisfy the proof of

9

negligence requirement.  More importantly, the Supreme Court of Appeals of West Virginia has held that a settling defendant may remain on the verdict form when evidence of negligence exists as to that defendant.  <u>Modular Bldg.</u>, 774 S.E.2d at 566; <u>see also</u> <u>Landis v. Hearthmar, LLC</u>, 750 S.E.2d 280 (W. Va. 2013); <u>Rowe</u>, 560 S.E.2d at 491; <u>Bowman</u>, 282 S.E.2d at 613.  Based on the case law discussed above, it is clear that West Virginia law permits the decedent in this civil action to be listed on the verdict form above.  If the decedent in this civil action were not listed on the verdict form, then the jury could not properly ascertain the comparative fault "in relation to all of the parties whose negligence contributed to the accident, and not merely those [parties] involved in the litigation." <u>Bowman</u>, 282 S.E.2d at syl. pt. 3.; <u>see</u> <u>Modular Bldg.</u>, 774 S.E.2d at 566.  Phrased another way, "simple fairness would seem to require it under these circumstances." <u>Modular Bldg.</u>, 774 S.E.2d at 566.  Therefore, although the Estate's motion to dismiss is granted as framed and the claims against the Estate are dismissed without prejudice, the decedent's name may be stated on the verdict form.

## IV. <u>Conclusion</u>

For the reasons set forth above, the motion to dismiss the third-party defendant The Estate of Michael B. White is GRANTED AS FRAMED.  Therefore, the claims against the third-party defendant The Estate of Michael B. White are DISMISSED WITHOUT PREJUDICE.

However, pursuant to the agreement proposed by the defendants in their response to the motion to dismiss, decedent's name shall be included on the verdict form to assess the comparative fault of the parties.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 22, 2015

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE